(October 22, 1968)

■ O. & W. LINES, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claims Nos. 41181, 41185, 41186, 41187, 41188, 41189, 41195, 41202.) — GABRIELLI, J. Appeal from judgments in favor of the claimant entered August 17, 18 and 19, 1965 upon a decision of the Court of Claims. For the

appropriation of 52 acres of land for the reconstruction of Route 209, claimant appeals from judgments awarding damages, on the ground of inadequacy. The taking involved two separated segments containing five miles of a former right of way of the O. & W. Railroad, all of which had been previously purchased by claimant. Prior to the appropriation, claimant had sold two similar segments containing 4.7 miles of the former right of way and a third segment was being condemned by the County of Ulster. It further appears that an additional segment of ¾ of a mile thereof had been obtained by one Caro. All of these segments were parcels taken out of the former right of way between Kingston and Port Jervis. The basic issue presented upon this appeal is the highest and best use of the land prior to the appropriation. The State's expert testimony was that its highest and best use was for sale to adjoining landowners and used comparable sales to value the land, while the claimant contended that the highest and best use of the entire former right of way between Kingston and Port Jervis was for the sale thereof to utility and transportation companies. To substantiate its contention, claimant's expert gave an opinion that the former railroad right of way was usable as a utility transportation line. On the other hand the State produced representatives of utilities and the State Public Service Commission who rendered opinions that there was no need for any utility transmission line between Kingston and Port Jervis. The court's ruling on the testimony of claimant's expert was not improper for it readily appears that his testimony and opinion were based upon a hypothesis that had no foundation in fact and at best was highly speculative since it concededly appears that claimant had neither continuity of title nor unity of use or control of the former right of way between the two mentioned communities. (*Guptill Holding Corp.* v. *State of New York,* 20 A D 2d 832, and see 23 A D 2d 434, mot. for lv. to app. den. 16 N Y 2d 484.) Even if claimant were entitled to have the testimony in support of its theory of evaluation received in the first instance and its probative force later determined, its exclusion on a trial without a jury after the close of the evidence, prejudiced no one, and in any event we are obliged, upon this record, to give it no weight. At no point was there any showing of any plan for the use of claimant's lands for its stated purpose nor, in fact, any demand by any utility for its use therefor; and upon this state of the record no severance damages could be allowed nor could the court consider the expert testimony offered by claimant as to the land's highest and best use. (*City of Binghamton* v. *Rosefsky,* 29 A D 2d 820; *Wer Realty* v. *State of New York,* 26 A D 2d 732; *Levitin* v. *State of New York,* 12 A D 2d 6.) The court did not err in finding the highest and best use to be for sale to adjoining landowners and its award of damages finds support in the record. Judgments affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.